FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30364 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-05007-RBL |
| v. | |
| ALBERTO MENDOZA-ORTEGA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted December 5, 2014**

Before:    HAWKINS, McKEOWN, and FRIEDLAND, Circuit Judges.

Alberto Mendoza-Ortega appeals from the district court's judgment and

challenges the 108-month sentence imposed following his guilty-plea conviction

for conspiracy to distribute methamphetamine and heroin, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(C), and 846.  We have jurisdiction under 28 U.S.C. § 1291,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and we affirm.

Mendoza-Ortega contends that the district court procedurally erred and violated his right to due process by considering his nationality as a sentencing factor. At sentencing, the court expressed skepticism about Mendoza-Ortega's claim that he was unaware of the drug quantities possessed by his cousin, stating "the Hispanics are very close, very suspicious of outsiders." While this comment was inappropriate, *see* U.S.S.G § 5H1.10; *Offutt v. United States*, 348 U.S. 11, 14 (1954) ("[J]ustice must satisfy the appearance of justice."), it was harmless. In calculating the Guidelines range, the court did not hold Mendoza-Ortega responsible for his cousin's drugs. Rather, the court adopted the Guidelines range requested by Mendoza-Ortega and then varied downward significantly. *See United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010) (error is harmless where there is no evidence that the alleged error, if changed, would result in a shorter sentence). Moreover, contrary to Mendoza-Ortega's contention, the below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the nature of the offense. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

13-30364